IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JOYCE ANN MEEKS                                                                PLAINTIFF

vs.                                                         CIVIL ACTION NO. 3:16CV164-RP

COMMISSIONER OF SOCIAL SECURITY                                    DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Joyce Ann Meeks, under 42 U.S.C. § 405(g), seeks judicial review of the decision of the Commissioner of Social Security denying her applications for a period of disability (POD) and disability insurance benefits (DIB) under Sections 216(I) and 223 of the Social Security Act and for supplemental security income (SSI) payments under Section 1614(a)(3) of the Act. Plaintiff protectively filed her application for a POD, DIB and SSI on March 15, 2013. Both applications alleged disability beginning on January 1, 2012. Her claim was denied initially on June 25, 2013, and upon reconsideration on August 22, 2013. She filed a request for hearing and was represented by counsel at the hearing held on November 17, 2014. The Administrative Law Judge (ALJ) issued an unfavorable decision on January 6, 2015, and the Appeals Council denied plaintiff's request for a review on May 26, 2016. Plaintiff timely filed the instant appeal from the ALJ's most recent decision, and it is now ripe for review.

Because both parties have consented to have a magistrate judge conduct all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment. Having considered the record, the briefs and the oral arguments of counsel, the court finds this case should be remanded to the

1

Social Security Administration.

# I. FACTS

Plaintiff was born on June 27, 1963 and was 51 years old at the time of the hearing. She testified that she dropped out of school in the seventh grade and has never learned to read. Docket 9 at 27-28. She worked as a server in the past, but according to the ALJ, she is unable to perform her past work. *Id.* at 15. Plaintiff contends that she became disabled before her application for benefits due to "nervous breakdown, mental problems, acid reflux, 2 hernias in liver, nerve problems, leg problems and stress." *Id.* at 206.

Completing the five-step evaluation process, the ALJ determined that plaintiff suffered from "severe" impairments including mood disorder, anxiety disorder, and borderline intellectual functioning, but found these impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d) 416.925 and 416.926). Based upon the plaintiff's testimony at the hearing and considering the medical records he reviewed, the ALJ concluded that plaintiff retains the Residual Functional Capacity (RFC) to

> perform a full range of work at all exertional levels but with the following nonexertional limitations; limited to unskilled work involving simple, routine, repetitive tasks; and should perform work involving objects rather than people.

Docket 9 at 13. Upon further analysis under applicable rulings and regulations, the ALJ found plaintiff to be less than fully credible in that the intensity, persistence and limiting effects she claimed due to her symptoms were "not entirely credible." *Id.* at 14. The ALJ did not obtain testimony from a vocational expert, but instead reviewed the Medical-Vocational Guidelines, 20

CFR Part 404, Subpart P, Appendix 2, and concluded that plaintiff could perform jobs that exist in the national economy and was therefore not disabled under the Social Security Act. *Id.* at 16.

Plaintiff contends first that the ALJ erred because he failed to review medical records containing thirteen months of treatment submitted after the hearing. This error, according to plaintiff, resulted in the ALJ's conclusion that plaintiff's credibility was lacking due to her irregular treatment records. Additionally, plaintiff alleges that the ALJ improperly evaluated the opinion of his own consultative examiner, Dr. Pamela Buck. She also asserts that the ALJ erred in not concluding that she was illiterate, that she was not credible and in failing to obtain VE testimony despite concluding that plaintiff could not perform her past relevant work. Following a review of the briefs, the transcript and oral argument, the undersigned concludes that plaintiff's case should be remanded for proper consideration of all medical records, including Dr. Buck's opinion, proper consideration of plaintiff's inability to read and to obtain VE testimony as to whether plaintiff can perform any jobs in the national economy.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining her burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3] Second, plaintiff

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

3

must prove her impairment is "severe" in that it "significantly limits [his] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that she cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v.*

---

[4] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[5] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[7] 20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[8] *Muse*, 925 F.2d at 789.

4

*Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III. DISCUSSION

When advised during the hearing before the ALJ that plaintiff's counsel had requested a medical source statement and additional medical records from plaintiff's treating physician to submit to the ALJ, the ALJ responded "[w]ell, the record never closes. I encourage you to get those in if you want them to be considered." Docket 9 at 26. The records from Communicare dated March 5, 2013 through July 10, 2014 were provided to the ALJ one day after the hearing

---

[9] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10] *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

5

and were marked as Exhibit B12F. Docket 9 at 493-513. Despite the submission of treatment records to the Commissioner, the ALJ stated in his opinion that "treatment has been sporadic at best, and the record documents no treatment after August 2013." Docket 9 at 14. In another paragraph of the opinion, he noted that "[t]he record documents no treatment for mental health problems after August 2013." *Id.* The Commissioner admits that the ALJ did not review the records submitted the day after the hearing, but asserts that the error is harmless. Plaintiff contends that the error is not harmless because the ALJ relied on plaintiff's alleged sporadic treatment to discount plaintiff's complaints and testimony and to conclude that she is less than credible.

The Fifth Circuit has routinely held that "[a]n administrative law judge has a duty to fully and fairly develop the facts relative to a claim for disability benefits. The Court will not reverse the decision of an ALJ for failure to fully and fairly develop the record unless the claimant shows that he or she was prejudiced by the ALJ's failure." *Carey v.* Apfel, 230 F.3d 131, 142 (5th Cir. 2000); *see also Brock v. Chater*, 84 F.3d 726 (5th Cir. 1996); *Kane v. Heckler*, 731 F.2d 1216 (5th Cir. 1984). In order to establish prejudice, plaintiff must "demonstrate that he or she 'could and would have adduced evidence that might have altered the result.'" *Id.*

It is difficult to understand how the plaintiff was not prejudiced by the ALJ's failure to review the records submitted after the hearing when the ALJ noted in multiple places in his opinion that plaintiff's mental health treatment was sporadic at best and that she had no mental health treatment after August 2013. It is clear that the ALJ believed those statements to be true and that he considered them in determining the weight to afford to the opinions of the consulting physicians, but more importantly the examining physician, Dr. Pamela Buck. While the records

6

arguably demonstrate similar treatment notes to the notes already in the record, the mere existence of these records and the ALJ's belief that they did not exist is prejudicial to plaintiff. Certainly the ALJ would have found plaintiff's complaints more credible if he had known that she continued to receive treatment for them at Communicare during the last year before the hearing. Additionally, because there is an issue with the weight afforded to the examining physician, the fact that the ALJ did not review all of the medical records from Communicare is even more problematic. The undersigned concludes that the ALJ's failure to review all of plaintiff's medical records was prejudicial to plaintiff and resulted in an opinion that is not supported by substantial evidence. Plaintiff's case must be remanded for further consideration of the entire record.

## IV. PLAINTIFF'S REMAINING ARGUMENTS

This action will be remanded to the ALJ for evaluation of the entire record, including the medical records submitted after the hearing. Because the court is remanding for further consideration of these issues, the court need not address the merits of the plaintiff's remaining arguments at this time. However, the court does find that other issues raised by plaintiff in her brief and at the hearing should be examined upon remand. If the ALJ on remand is unclear whether Dr. Buck took any possible exaggeration of symptoms into account when opining as to plaintiff's ability to perform work related functions, the ALJ should recontact Dr. Buck for further explanation. Additionally, the ALJ on remand should consider plaintiff's inability to read, as well as the significance of her illiteracy in performing work related functions. In order to properly consider whether other jobs exist in the national economy that plaintiff can perform given her inability to read, the ALJ should obtain the testimony of a vocational expert.

7

## V. CONCLUSION

The Commissioner's denial of benefits will be remanded for additional review in accordance with this opinion. A final judgment in accordance with this memorandum opinion will issue this day.

SO ORDERED, this, the 15th day of May, 2017.

  /s/ Roy Percy                      
UNITED STATES MAGISTRATE JUDGE